## MONSES *vs.* THE STATE OF GEORGIA.

Under the statute, a tippling-house must be closed on the Sabbath
day, and if the owner keep it open but for a moment, it is a viola-
tion of the statute ; and there is no purpose for which the statute
authorizes such a house to be opened.  There was no error in so
charging.

(a) The verdict is amply sustained by the evidence.

November 9, 1886.

Criminal Law.  Charge of Court.  Before Judge ADAMS.
Chatham Superior Court.  December Term, 1885.

Monses was indicted for keeping open a tippling-house
on Sunday, and on his trial, was convicted.  He moved for
a new trial on several grounds, only one of which need be
set out:

Because the court charged:  " If it be a tippling-house,
it must be kept closed during the entire time, and if it be

open for a single moment for any purpose, the law is violated." The error assigned in this charge was that. it was illegal, in that it lays down a wrong rule of law, excluding from the jury the right of determining whether, under the facts, the tippling-house was open for any cause or purpose justified under the law. The motion was overruled, and the defendant excepted.

GARRARD & MELDRIM, for plaintiff in error.

F. G. DUBIGNON, solicitor-general, for the State.

BLANDFORD, Justice.

The court charged the jury that if the accused was the owner of a tippling-house, and if he kept it open but a moment on the Sabbath day, for any purpose, he is guilty. This charge is assigned as error, and is the main ground relied on here by the plaintiff in error. Under the statute, a tippling-house must be closed on the Sabbath day, and if the owner keep it open but for a moment, it is a violation of the statute; and there is no purpose for which the statute authorizes such a house to be opened. The charge of the court being right, the exception thereto falls. The verdict is amply sustained by the evidence.

Judgment affirmed.