Filed Oct. 15, 1890.

No 15,784.

## DECKER *v.* SARGEANT.

INTOXICATING LIQUOR.—*City Ordinance Regulating Saloons.—Validity of.*— A city ordinance providing that any one keeping a saloon where intoxicating liquors are sold to be drank on the premises "shall close the same for the night at 11 o'clock P. M. of each day, at which time such persons shall raise all door-screens and remove any obstructions, so as to give an unobstructed view of the interior, and require all other persons to vacate said premises, and shall not reopen the same until 5 o'clock A. M. the following morning," is a valid ordinance. Cities are empowered to make such regulations as those provided for in the ordinance. Sections 3106, 3154, R. S. 1881.

From the Porter Circuit Court.

*N. L. Agnew* and *D. E. Kelly,* for appellant.

*A. D. Bartholomew,* for appellee.

BERKSHIRE, C. J.—The facts, as disclosed by the record, may be briefly stated, and are as follows : On the 16th and 17th days of June, 1890, the appellant was the keeper of a

saloon in the city of Valparaiso, wherein he retailed intoxi-
cating liquors to be used upon the premises.   He held a
license from the State, and likewise from the city.

At the dates named there was an ordinance in force in said
city (if the common council had the .power to enact such an
ordinance) as follows :

" An ordinance providing for the closing of liquor saloons.
Section 1.   Be it ordained by the common council of said
city of Valparaiso, that any person, or persons, keeping a
saloon, or other place within the limits of the city, where
intoxicating, distilled, or fermented liquors are sold to be
drank upon the premises, shall close the same for the night
at 11 o'clock, P. M., of each day, at which time such persons
shall raise all door-screens, and remove any obstructions, so
as to give an unobstructed view of the interior, and require
all other persons to vacate said premises, and shall not re-
open the same until 5 o'clock, A. M., the following day."

On the 25th day of June a prosecution was instituted be-
fore the mayor of said city against the appellant, to recover
a penalty for a violation of said ordinance between the dates
first named, and he was, as the result of said prosecution,
found guilty of a violation of said ordinance and adjudged
to pay a penalty of five dollars and costs, and that he stand
committed until said fine and costs were paid or replevied.
The appellant having failed to pay or replevy the said judg-
ment, the said mayor issued his *mittimus* committing the
appellant to the jail of Porter county and in charge of the
appellee, the sheriff of the county and *ex officio* its jailer.
To obtain his release from said commitment and his dis-
charge from any liability on account of said judgment, this
proceeding was instituted.

There are two errors assigned, but in argument appel-
lant's counsel present for our consideration but one question,
had the common council the power to enact the ordinance
in question ?

Counsel for the appellee contends that there is a further

question which he insists meets us at the threshold and blocks the way to a consideration of the question which the appellant asks us to consider. The appellee contends that the judgment of the mayor of Valparaiso can not be attacked collaterally, except for want of jurisdiction, and that this proceeding is but a collateral attack upon the judgment and does not proceed upon the theory that the court was without jurisdiction.

In view of the conclusion which we have reached upon the question which the appellant brings before us, we have not found it necessary to consider the other question.

The appellant, but for his license, would not have had the right to engage in the business of retailing intoxicating liquors in a less quantity than a quart at a time in said city.

When the appellant accepted his license and embarked in business thereunder, he consented to all the conditions and restrictions which the law had imposed or might impose upon persons engaged in the saloon business.

The license which the appellant held from the State designated the place of business, and he could enjoy the privileges which were thereby conferred nowhere else.

The business, unless permanently stopped before the end of the period over which the license extended, was continuous, and during the entire time subject to all such regulations as the common council of the city, within its delegated powers, subjected it to.

It is true, there were certain hours in each day, and during the whole of the Sabbath day, and certain days during the year that the appellant was inhibited from making sales (section 2098, R. S. 1881), but during such times the place was none the less a place where intoxicating liquors were sold.

The Legislature has given to cities ample power to make such regulations as those provided for in the ordinance here involved. Clause 13, of section 3106, R. S. 1881, reads thus: "To regulate and license all inns, taverns, or other places

used or kept for public entertainment; also all shops or other places kept for the sale of liquors."

Section 3154, R. S. 1881, so far as it relates to the question under consideration, reads as follows: "And to regulate all places where intoxicating liquors are sold to be used on the premises."

The license under which the appellant was doing business fixed its character as a place where intoxicating liquors were sold to be used on the premises. .

The regulation fixed by the ordinance was, we think, a most wholesome one.

The appellant could not, except in violation of law, prosecute his business from 11 P. M. to 5 A. M.; if he desired to do this, or to carry on any other illegitimate business during the small hours of the night, the public were entitled to protection from the evil results that might arise therefrom.

The ordinance in no way infringed upon the business of the appellant, as he was entitled to carry it on under his license, and this was all he was entitled to. *Lutz* v. *City of Crawfordsville,* 109 Ind. 466, and *Moore* v. *City of Indianapolis,* 120 Ind. 483, support the conclusion here reached.

We find no error in the record.

Judgment affirmed, with costs.

