(June 17, 1904.)

## VILLAGE OF ST. ANTHONY v. BRANDON.

### [77 Pac. 322.]

CITY OR VILLAGE ORDINANCE—TITLE—SUFFICIENCY OF.

1. The title to an ordinance of a city or village in this state, to wit, "An ordinance regulating and licensing liquor dealers within the village of St. Anthony," is sufficient where the ordinance provides for the payment of a fixed sum for retail liquor dealers only, and prohibits the business of running a restaurant or lunch counter in connection therewith or in the same room, and also requires the doors to be closed on Sunday, and also prohibits music, singing and dancing in the room occupied as a saloon.

(Syllabus by the court.)

APPEAL from District Court, Fremont County.   James M. Stevens, Judge.

Judgment for respondent, from which defendant appeals. Affirmed.

The facts are stated in the opinion.

Hawley, Puckett & Hawley and King & Millsaps, for Appellants.

Had the plaintiff, said board of trustees, power or right to enact that portion of said ordinance making it unlawful to carry on, or allow to be carried on, any other business in the same room wherein intoxicating liquors are sold? We are aware that, under the provisions of section 1916 of the Political Code of Idaho, and especially subdivision 15 thereof, the village trustees have the right to license, regulate and prohibit the selling or giving away of any intoxicating malt, vinous, mixed or fermented liquors. But this provision of the ordinance in question is not for the purpose, nor does it regulate the sale of liquors, but it is purely and simply an attempt to regulate a legitimate business, and, we might say, to even go further, and prohibit the carrying on of any legitimate business in the same room where intoxicating liquors are sold, and is certainly against public policy, as being in restraint of trade. If the village trustees can prohibit the carrying on of any other business in the same room wherein intoxicating liquors are sold, they could certainly extend it to the same block, the same street, or, why not, even go so far as to say that no other business could be carried on in the same town where intoxicating liquors are sold. (U. S. Const., 14th Amendment.) The ordinance in question is clearly class legislation under the decisions and definitions given by the authors, as it does not affect all alike belonging to the same class; in other words, it only affects those dealers who sell liquor to be drank in, on or about the premises where sold, or, as a matter of fact, retail liquor dealers. The ordinance does not pretend to license or regulate the sale of liquors not to be drank in, on or about the premises where sold, or by druggists. The whole proposition in a nutshell is simply this: It attempts to regulate the sale of liquors at retail, but not the sale of liquors at wholesale, or by druggists, which, we contend, is clearly class legislation, as all ordinances must be impartial, fair and general. (*Ex parte Frank*, 52 Cal. 606, 28 Am. Rep. 642; Dillon's Municipal Corporations, sec. 256; *City of Cario v. Feuchter et al.,*

159 Ill. 115, 42 N. E. 308; *City of Monmouth v. Popel et al.,* 183 Ill. 634, 56 N. E. 348.)

Caleb Jones, for Respondent.

It is suggested that the subject of the ordinance is not clearly expressed in the title of the ordinance, the title being as follows: "An ordinance regulating and licensing liquor dealers within the village of St. Anthony." (*State v. Beattie,* 16 Mo. App. 131; *In re Wilson,* 32 Minn. 145, 19 N. W. 723; Smith's Modern Law of Municipal Corporations, sec. 517; Horr & Bemis on Municipal Police Ordinances, sec. 71; *State v. Cantieny,* 34 Minn. 1, 24 N. W. 461; *State v. Gut,* 13 Minn. (Gil. 315) 341; *State v. Cassidy,* 22 Minn. 312, 21 Am. Rep. 765; *Board of Supervisors of Ramsey Co. v. Heenan,* 2 Minn. (Gil. 281) 330; *Tuttle v. Stout,* 7 Minn. (Gil. 374), 465, 82 Am. Dec. 108; *City of St. Paul v. Colter,* 12 Minn. (Gil. 16) 49, 90 Am. Dec. 278.) Examples of reasonable ordinances with similar provisions to that of the ordinance in question can be found in Horr & Bemis on Municipal Police Ordinances, sec. 130; *State v. Preston,* 48 Vt. 12; *Ritchie v. Zalesky,* 98 Iowa, 589, 67 N. W. 399; *Brown v. Lutz,* 36 Neb. 527, 54 N. W, 860. Had the plaintiff's said board of trustees power or right to enact that portion of said ordinance making it unlawful for persons engaged in the sale of intoxicating liquors to permit the door or doors of their place of business to be opened on Sunday? I contend that this regulation is in the interest of decency and morality, and the power to make such a regulation concerning the acts of liquor dealers is given to the village trustees in their plenary power to completely prohibit. It is a usual regulation, probably the most common of all regulations in connection with the liquor business, as the following decisions will show: *Kurtz v. People,* 33 Mich. 279; *McNiel v. State,* 92 Tenn. 719, 23 S. W. 52; *State v. Harris,* 50 Minn. 128, 52 N. W. 387, 531; *Theisen v. McDavid,* 34 Fla. 440, 16 South. 321, 26 L. R. A. 234; *Ex parte Abram,* 34 Tex. Cr. App. 10, 28 S. W. 818.

STOCKSLAGER, J.—This case was submitted to the lower court on an agreed statement of facts, to wit:

1. That the plaintiff, the village of St. Anthony, is a municipal corporation duly and regularly organized and existing under and by virtue of the laws of the state of Idaho, and is a village, and situated in Fremont county, in the state of Idaho; that M. E. Jamison, B. C. Bowers, W. C. Yager, W. W. Yoemans and J. L. Pratt are the duly qualified and acting board of trustees of the village of St. Anthony; that M. E. Jamison, is the duly qualified and acting chairman of the board of trustees, and that Charles C. Bowerman is the duly qualified and acting clerk of the said board.

2. That the defendants, Thomas J. Brandon, Jr., and J. C. Brandon, are partners and doing business under the firm name and style of Brandon Brothers in said village of St. Anthony, in Fremont county, state of Idaho, as proprietors and keepers of a saloon, wherein they sell and dispose of spirituous, malt and fermented liquors and wines to be drank on the premises where sold, and cigars, and that they have been, and are now, engaged in said business at said place.

3. That on the fourteenth day of July, 1903, at a regular meeting of the board of village trustees of said village of St. Anthony, an ordinance No. 90 was regularly presented to said board of village trustees, for their action thereon, which said ordinance and the title thereof is in substance following:

"An Ordinance Regulating and Licensing Liquor Dealers Within the Village of St. Anthony."

Section 1 prohibits the sale of liquors of any kind to be drank in, on, or about the premises where sold, without first procuring a license and giving a bond as hereinafter provided.

Section 2 requires all applications to sell liquors to be drank in, on, or about the premises to be made to the board of trustees in writing, setting forth the names of the parties and a description of the place wherein it is proposed to commence and conduct said business.

Section 3 provides that before any license is issued the applicant shall produce before the board of trustees the receipt of the village treasurer showing payment of the amount due for such license, and execute and deliver to said board a bond

to the state of Idaho, in the penal sum of $1,000, with at least two good sureties.

Section 4 provides that each application shall pay the sum of $75 per quarter for such license, and no license under the provision of the ordinance shall be issued for a longer period than three months.

Section 5 provides for a revocation of a license in case of a violation of any of the provisions of the ordinances of the village or of the penal statute of the state, and makes it the duty of the board of trustees to revoke such license in case of any such violation.

Section 6 permits druggists to sell wines and liquors for sacramental, mechanical, medicinal and scientific purposes without a license.

Section 7 provides that on the presentation of an application to the board of village trustees, they shall on the approval of the bond direct the clerk to issue such license.

Section 8 provides that the license shall specify by name the person, firm or corporation to whom it shall issue, and shall designate the particular place at which the business shall be carried on.

Section 9 provides that any person licensed as aforesaid, or any person refusing or neglecting to obtain a license as herein provided, who shall sell, give away or otherwise dispose of any intoxicating drink at any time during the first day of the week, commonly called Sunday, except he be a druggist, and then only for medicinal purposes upon the prescription of a regularly licensed physician, shall be deemed guilty of a misdemeanor.

Section 10 prohibits any idiotic person or any minor under the age of twenty-one years, or any female, to enter, be or remain in said place.

Section 11 prohibits any other business to be carried on in the same place or room, or to permit the door or doors to be opened on Sunday or allow the door or doors to be used as a means of egress or ingress or entrance or exit to any other room where any other different class of business is carried on.

Idaho, Vol. 10—14

Section 12 prohibits any dancing, music, singing or loud or boisterous talking or any disorderly conduct on the premises where intoxicating liquors are sold.

Section 13 provides punishment for violation of any of the provisions of the ordinance.

It is stipulated that the ordinance was regularly passed and approved by the chairman of the board of trustees and thereafter publihed; that appellants have no license for carrying on the business as retail liquor dealers from the village of St. Anthony, and have not paid the sum required by the ordinance to said village or any officer thereof, neither have they applied for a license or executed the bond provided for by the ordinance. That appellants have for three months last past permitted one William Weller to carry on, under and by virtue of a lease and rental made with the said Weller expiring on June 30, 1904, the business of keeping a restaurant and lunch stand in the same room wherein they carry on their said business.

The questions submitted are:

1. Is the ordinance in question, or any portion thereof, a valid and existing ordinance of said village of St. Anthony? Have the defendants any right to carry on their said business without first procuring a license from the said village?

2. Is that portion of said ordinance requiring retail liquor dealers to give a bond and procure a license before carrying on or engaging in said business within the power of the board of trustees of plaintiff to enact?

3. Had the plaintiff's said board of trustees power or right to enact that portion of said ordinance making it unlawful to carry on, or allow to be carried on, any other business in the same room wherein intoxicating liquors are sold?

4. Had the plaintiff's said board of trustees power or right to enact that portion of said ordinance making it unlawful for persons engaged in the sale of intoxicating liquors to permit the door or doors of their place of business to be opened on Sunday?

5. Had the said board of trustees any power or right to pass that portion of said ordinance making it unlawful for a person engaged in the sale of intoxicating liquors to permit singing, music or dancing in his or their place of business?

Findings of fact and conclusions of law were waived and the judgment of the trial court sustained each and every provision of the ordinance save and except that part requiring retail liquor dealers to give a bond to procure a license. This part is held invalid but without affecting the remainder of said ordinance.

The first contention of counsel for appellant is that the subject of the ordinance is not clearly expressed in its title as required by section 1910, Political Code; Session Laws 1893, page 122, section 79; Session Laws of 1899, page 209, section 83. The particular part of this section to which our attention is called is as follows: "An ordinance shall contain no subject which shall not be clearly expressed in its title." Much depends upon the construction to be given to the language above quoted, construed in connection with the title to the ordinance under consideration.

It is earnestly insisted by learned counsel for appellant that by examining the ordinance it is shown that it regulates the sale of spirituous, malt or fermented liquors or wines, etc., but according to the title it only pretends to regulate and license the dealer, and not the sale, as it does in the body of the ordinance. And, again, the title simply refers to liquor, while in the first section of the ordinance it specifies spirituous malt or fermented liquor or wines; in other words, intoxicating liquors. It is not contended by counsel for appellant that the village of St. Anthony by proper ordinance or ordinances may not do all that is claimed for this ordinance, except that part requiring a bond before a license can issue. It is conceded by counsel for respondent that the holding of the court on this issue submitted is correct, and hence we are not called upon to pass on this question.

As we read the record and briefs in this case, a disposition of the question of the sufficiency of the title to the ordinance disposes of all the questions submitted to the lower court and here for review on this appeal. Section 256 of Dillon on Municipal Corporations is cited by counsel for appellant to support the contention that the ordinance attempts to regulate the sale of liquors at retail, but not the sale of liquors at wholesale, or by druggists, which it is urged is class legislation. Mr. Dillon says: "As it would be unreasonable and unjust to make, under

the same circumstances, an act done by one person penal, and if done by another not so, ordinances which have this effect cannot be sustained. *Special* or unwarranted discrimination, or unjust or oppressive interference in particular cases, is not to be allowed. The powers vested in municipal corporations should, as far as practicable, be exercised by ordinances general in their nature and impartial in their operation." The soundness of this principle cannot be questioned, but attention must be given to the language of the author, to wit, "under the same circumstances." Can it be said that the same conditions or the same circumstances exist where the druggist sells on prescriptions or for certain prescribed purposes, or the wholesale ·dealer, who only sells in large quantities, as where the retail dealer keeps his place of business open especially for the retail of his liquors? Common observation teaches that a very different state of facts exist. *City of Cairo v. Feuchter et al.,* 159 Ill. 115, 42 N. E. 308, is also cited in support of the same contention of appellants. In this case the ordinance provided that any wholesale liquor dealer might be granted a license upon payment of $100 to the city treasurer. Another section of the same ordinance provided that the ordinance shall not apply to persons who shall have a valid license for the sale of liquors in less quantities than one gallon. It would seem that the city attempted by this ordinance to grant a retail dealer a license to do a wholesale business without requiring him to pay a wholesale dealer's license, thus discriminating against the wholesale dealer.

The ordinance under consideration does not go to this length; there is no discrimination between parties engaged in the same kind of business. The entire ordinance is leveled at the business of retail liquor dealers; whether the village has an ordinance regulating wholesale dealers we are not informed, nor is it material for the determination of this question. Section 6 of the ordinance permits druggists without a license to sell wines or liquors for sacramental, mechanical, medicinal and scientific purposes. This is in no sense a license to either wholesale or retail intoxicating liquors. If the title of this ordinance is sufficient, there is no question of the power of the trustees of the village of St. Anthony to require all saloons or places where

liquors are sold to be drank on the premises—retail dealers—to remain closed on Sunday; they may also prohibit a restaurant or lunch counter from being conducted in the same room where intoxicating liquors are sold; likewise they may prohibit music, singing and dancing in such places. Under the police power of the state they may regulate the business to be conducted in the village, and as said in *State v. Cantieny,* 34 Minn. 1, 24 N. W. 458: "The one purpose and whole scope of the ordinance is to prohibit certain acts derogatory to peace, good order and morals, and to enforce the enactment of proper penalties."

We think the same can be said of the ordinance under consideration, the sole purpose being to so control the retail liquor trade of the village as to best preserve the quiet and peace of the citizens. If a restaurant or lunch counter were permitted to be conducted in the room where intoxicating liquors are sold, it would be an excuse for parties to frequent such places on Sunday, and in this way the officers of the village would be hampered in the enforcement of the ordinance providing for closing all such places on Sunday. Music, singing or dancing in such places is not calculated to bring about peace and quiet for the citizens of the village who may reside in the vicinity of such places, and we can see no reason why the village authorities may not control such places in the interest of good morals and the peace and quiet of the people.

The words "regulating" and "licensing liquor dealers" as used in the title of the ordinance seem to be the objectionable ones used therein. The Century Dictionary defining the word "regulating," says: "It means to put or keep in order; as to regulate the disordered state of a nation or its finances."

In speaking of the word "license," it defines the word: "Power to license conferred on a municipality is generally understood to mean power to regulate by prescribing the conditions or compliance with which the thing shall be permitted."

It is urged that this ordinance attempts to regulate other classes of business. We do not so construe its language. There is no attempt to regulate any business except that of retail liquor dealers. To say that a restaurant or lunch counter cannot be conducted in the same room where intoxicating liquors are sold,

to be drank on the premises, or that music or dancing shall not be permitted in such places, is not an attempt to control such business. Either may be conducted elsewhere, and there is no prohibition in the ordinance, only it must not be where liquors are sold to be drank on the premises, or, in other words, a saloon. We think the title to the ordinance is sufficient to warn anyone who may want to know what is contained in the ordinance. The purpose is to require all retail liquor dealers to pay a license fee to the village and keep an orderly house, keep it closed on Sunday and not permit music, singing or dancing to be carried on therein. We think the judgment of the trial court should be affirmed, and it is so ordered, with costs to respondent.

Sullivan, C. J., and Ailshie, J., concur.