## McCARTY *v.* CITY OF ATLANTA.

1. The defendant admitted that he owned the bar, and there was nothing to. suggest that it was conducted during the daytime in violation of law.   This, with the exception in the petition for certiorari as to the revocation of the license was sufficient to show prima facie that the place belonged to the class to which the ordinance applied.
2. The ordinance, in declaring that bars shall not be kept open after ten o'clock p. m., uses substantially the same language as the Penal Code, § 390, prohibiting the keeping open of tippling-houses on the Sabbath.   The construction given the statute should also be given similar language in the ordinance.
3. There was no error in overruling the certiorari from a judgment of conviction in the recorder's court.

Submitted November 22, — Decided December 9, 1904.

Certiorari.   Before Judge Lumpkin.   Fulton superior court, October 20, 1904.

McCarty was found guilty, in the recorder's court of the City of Atlanta, of violating section 1546 of the city code, which provides that " no place for which a license is granted shall be

kept open later than ten o'clock p. m., nor opened earlier than five o'clock a. m." The evidence for the city showed that a policeman passed the Star saloon at 38 Decatur street at 12.40 a. m., and that looking through the doors he saw the defendant and two bartenders sitting around a table drinking beer. The evidence for the defendant tended to show that he owned this bar, and another on Hunter street, which was in the charge of a bartender; that, in response to a telephone message from the bartender at Decatur street, the defendant went to the Decatur street bar, accompanied by the one who kept the one on Hunter street; that when they reached the Decatur street bar the door was locked; that it was opened, admitting the defendant and his other employee; that, after discussing the business which called him there, the defendant ordered beer, which was given and not paid for by the others present; that the door was opened and the entry made after the bar had been closed at night after ten o'clock; and that no sales were made, and no other business other than that above indicated was transacted. The defendant was found guilty. His petition for certiorari was overruled, and he excepted.

*Arnold & Arnold*, for plaintiff in error.
*James L. Mayson* and *William P. Hill*, contra.

LAMAR, J. 1. The defendant admitted that he owned the bar. His defense was that it was not kept open after prohibited hours for the purpose of selling liquor, but that the door had been then opened in order that he and his employee might enter and discuss business with the bar-tender in charge. This was enough to show that the place was not a " blind tiger " conducted even in the daytime in violation of law. Prima facie the place belonged to the class to which the ordinance applied, without further proof that the defendant had a liquor license. Besides, the petition for certiorari showed that he did have a license. The defendant assigned as error that the recorder, in imposing a fine, declared that the defendant's license as a retail liquor dealer was forfeited, and to this judgment and decision petitioner excepted.

2. If once excuses were admitted for keeping open such places upon prohibited days or after prohibited hours, the law would be practically nullified. It would rarely be possible for the State or city to meet the excuse, or to show that the place had been

opened for an unlawful purpose.    The fact furnishing the excuse
and the illegal act after the innocent entry would so often be
blended that they could not be separated.    The opening abso-
lutely prohibited by law would be legalized by the motive with
which the prohibited act was done.  As here, it could be said that
the beer or whisky was given and not sold, or that the business
intended to be conducted or actually conducted was not the sale
of drinks.    If such an excuse could be given in one case, it could
be in others; and the issue on each trial would be diverted, from
the question as to whether the place had been opened at an
unlawful hour, into a consideration of the question as to whether
it had been opened for an innocent purpose.    It is manifest that
any such construction would in effect repeal the law, and be
utterly subversive of the very policy on which it was enacted.
Hence all of the decisions of this State are based upon the idea
that opening during the prohibited period is the gist of the of-
fense, and that if the place be opened but for a moment the
statute is violated.    The court will not enter on an investigation
as to the motive or purpose which actuated the owner in opening
and entering.    *Monses* v. *State*, 78 *Ga.* 110.    Indeed it would be
hard to find any statute which has been so rigidly and strictly
construed as Penal Code, § 390, against keeping open a tippling-
house on the Sabbath.    The ordinance here uses the same term,
"keep open."    The same policy underlies it that underlies the
statute.    The language is substantially the same, and so must be
the construction.    In fact it is fair to presume that the same
words were used in order to secure the same construction.    The
ordinance does not appear to be unreasonable, but rather is in
pursuance of a public policy within the limits of the police power.
This, of course, is especially true where the license is accepted in
the light of the ordinance.    There is a manifest difference in the
rules of construction to be applied to an ordinance like this and
to an ordinance relating to a class of business like that referred to
in *Wright* v. *Forsyth*, 116 *Ga.* 799.

We find no error in the refusal to sustain the certiorari.    It
appears that the recorder stated that in his opinion the effect of
the judgment would be to revoke the defendant's license, but that
was not a part of the sentence.    The effect on the license is not
involved in this proceeding, nor is there in this record anything

to show the existence of an ordinance in the City of Atlanta on that subject.     *Judgment affirmed.     All the Justices concur.*