The opinion of the court was delivered by
Horton, C. J.:
As shown by the record before us, a complaint was filed in the police court of the city of Emporia, on ■the 5th day of August, 1881, charging the defendant with a violation of § 6 of an ordinance of that city, entitled “An *529 ■ordinance to regulate and prohibit the running at large of animals.” Said §6 provides:
“Any person who shall break open, pull down, destroy or injure the pound in the city of Emporia, or any door, gate, fence or inclosure thereof, or take, or attempt to take or drive thereout or therefrom any animal therein impounded, without first paying the officers’ fees as herein provided, shall, on conviction of either of the two classes of offenses in this section ■enumerated, be fined in any sum not exceeding $50.”
After a hearing in the police court, the defendant appealed to the district court, and upon trial in that court was adjudged .guilty, and sentenced to pay a fine of $10 and costs.
Three objections are urged against the conviction. First, ■it is said there is no venue laid in the complaint; second, that •that part of § 6 of the ordinance upon which the complaint is ■based is not embraced in the title of the ordinance, and is •therefore void; third, that the city council has no such power ns it has attempted to exercise in § 6 of the ordinance.
The complaint was as follows:
“State op Kansas, County op Lyon, City op Emporia.— Before James B. Barnes, Police Judge of said city.— City of Emporia, plaintiff, v. F. E. Smith, defendant.— T. ■Johnson, being first duly sworn, upon oath says, that the city of Emporia is a city of the second class, duly organized under and by virtue of the laws of the state of Kansas; that upon the 4th day of August, 1881, within the corporate limits of said city, one F. E. Smith, above named, defendant, then and there being, did break open the inclosure established by said city as the city pound, and did take and drive therefrom animals therein lawfully impounded, without first paying the lawful •officers’ fees for the same; all contrary to an ordinance of said city in such cases made and provided. T. Johnson.
“Sworn to and subscribed before me, by T. Johnson, this •5th day of August, 1881.
“ Jam:es R. Barnes, Police Judge.”
We think, under the provisions of the act for the organization of cities of the second class, (in which class the city of Emporia belongs,) and the liberal rules of pleading and practice which extend to suits and prosecutions to enforce the ordinances of cities, that the complaint wasjsufficient. Under *530 the terms of §81, ch. 19, p. 178, Comp. Laws of 1879,-the-legislature has said that the complaint when made by the-marshal, assistant marshal, or regular policemen, need not even be in writing, if the defendant be present in court and in custody. Regardless of what counsel denominate the caption of the complaint, the body of the complaint states the name of .the city where it is alleged the offense was committed, charges that the violation of the ordinance was within such city, and that said city was organized under and by virtue of the laws of the state of Kansas. The police court takes judicial notice of the ordinances, as the district court of the statute; and the police court upon all trials arising-under the ordinances of the city takes judicial notice, not only that the city is incorporated, but also of its particular situation within the state. The code of criminal procedure, § 3,. p. 746, Comp. Laws of 1879, provides that neither presumptions of law nor matters of which judicial notice is taken need be set forth in an indictment or an information. This, we suppose, would apply to a complaint. When the case was taken on appeal from the police court to the district court, it was not only within the power, but it was the duty of the district court to try the case in the same manner that, it should be tried before the police court. The district court-was in fact substituted for the time being for the police court,, and whatever the police court could have taken judicial notice-of while the case was in that court, the district’court could and should have taken judicial notice of after the removal of the case to the district court. (City v. Hughes, 24 Kas. 211; West v. City, 20 Kas. 633.)
Under the terms of § 9, ch. 19, Comp. Laws 1879, it is provided that no ordinance shall contain more than one subject, which shall be clearly expressed in its title. The title of the ordinance under which the conviction was had, relates to the regulation and prohibition of the running at large of' animals. The ordinance among other things provides that the marshal, assistant marshal and policemen shall be ex officiokeepers of the pound or inclosure used for the impounding *531 of animals, and that either of them may take up all animals found running at large within the city. And § 6 forbids breaking open or pulling down the pound, or attempting to take or drive out any animal impounded therein. We do not think that the provisions of § 6 are in violation of § 9 of said ch.19, as all of the matters in said § 6 are for preventing animals lawfully impounded' from escaping or being wrongfully driven therefrom by the acts of parties in breaking open the pound or unlawfully taking animals thereout. All of these matters are embraced within the terms of the ordinance regulating and prohibiting the running at large of such animals.
As to the final objection, that the city council had no power to adopt said ordinance, it is sufficient to state that § 51, ch.19, Comp. Laws 1879, provides for the adoption of an ordinance regulating and prohibiting the running at large of animals, the impounding thereof, and the erection of all needful pens and pounds. The keeping of the animals lawfully impounded, until properly released under such section, is also clearly within the power of the council to provide for, and this would include provision for penalties upon all persons breaking open the pound so as to permit the animals to run at large again. (Gilchrist v. Schmidling, 12 Kas. 271.)
The judgment of the district court will be affirmed.
All the Justices concurring.