H. M. STEBBINS v. HENRY MAYER.

1. CITY ORDINANCE — *One Subject* — *Mandatory Provision.* Section 9, ch. 19, Comp. Laws of 1885, providing "that no ordinance shall contain more than one subject, which shall be clearly expressed in its title," is mandatory upon the city council of a city of the second class.

2. DOGS — *Void Section of Ordinance.* Where a city of the second class passes an ordinance, the title of which is to prohibit animals from running at large in the city, and the first section provides what animals shall be prohibited from running at large, and section two provides that no person shall keep a dog within the limits of the city without complying with certain regulations, among which is the payment of a tax, directing the city marshal of said city to kill all dogs found running at large whose owners have not complied with such regulations, and making the owner liable for criminal prosecution for failure to comply therewith, *held,* that § 2 of said ordinance is in violation of § 9, ch. 19, Comp. Laws of 1885, and therefore void.

3. DOG-KILLING *Without Authority.* Where the mayor of a city of the second class directs the city marshal to post notices requiring the owners of dogs in said city to keep said dogs muzzled, and directs that all dogs found running at large without muzzles shall be killed, but no ordinance of said city has been passed authorizing such regulation, *held,* that said notice does not give the city marshal authority to kill dogs found running at large in violation of said notice.

*Error from Harvey District Court.*

IN March, 1881, H. M. Stebbins was a resident of the city of Newton, Kansas, a city of the second class, and was then and there the owner of a certain dog alleged to be worth from $50 to $75. On March 14, 1881, Henry Mayer, who was then the marshal of said city, shot and killed the dog aforesaid; and thereupon Stebbins brought this action against Mayer to recover the value thereof. The defendant admitted that he killed the dog, but justified the killing by virtue of a certain ordinance of said city, entitled "An ordinance prohibiting animals from running at large in the city," approved September 8, 1880, and by virtue of certain printed notices which he had posted in said city as directed by the mayor thereof. Section 1 of the ordinance prohibited hogs, horses, cattle, mules, goats, and other animals, including "domesti-

cated wild animals," from running at large within the corporate limits of said city; provided a penalty for violating the ordinance; made provision for arresting, impounding and feeding the animals aforesaid, etc. Section 2 of the ordinance is as follows:

"SEC. 2. That no person shall be allowed to keep a male or female dog, or hybrid, within the corporate limits of the city of Newton, without complying with the following regulations: The owners of such male or female dogs, or hybrids, shall cause his or her name, with the name and description of such animals, to be registered with the city clerk in a book to be kept by him for that purpose, and shall pay the city treasurer on or before the last day of June in each year a tax of one dollar for each and every male dog and two dollars for each and every female dog, or hybrid, over the age of three months, and shall keep on the neck of each dog, male or female, or hybrid, a suitable leather or metallic collar, with the words 'City of Newton — R.' inscribed thereon, together with the number of such animal as registered by the clerk; that any person failing to comply with the conditions of this ordinance shall be deemed guilty of an offense against the city of Newton, and on conviction therefor shall be fined in any sum not less than three dollars nor more than ten dollars; *Provided,* That the city clerk shall not register any such dogs until he shall have received from the applicant the treasurer's receipt for the amount of such license as required to be paid by the provisions of this ordinance, which receipt the clerk shall take up, and charge the treasurer with the money so received. It shall be the duty of the marshal, upon finding any such dogs or hybrids running at large within the city of Newton, without having been registered and marked with the collar as hereinbefore provided, to kill the same and remove the body thereof beyond the limits of the city."

A copy of the notice aforesaid is as follows:

"DOGS! DOGS!—Every dog found running at large without being muzzled, after Saturday, March 12, 1881, will be shot or poisoned. This is done on account of some dogs being bitten by a mad dog."

On the trial by the court, at the September Term, 1884, the plaintiff showed that, in compliance with said ordinance, he had paid to the treasurer the amount of the tax required

thereby on said dog; that said animal was duly registered as required by the ordinance, and that at the time of the registration the city clerk informed the plaintiff that the city had on hand none of the tags required by the ordinance, but that some would be procured and then the plaintiff could get one; that the plaintiff was never informed that the tags had been procured by the city, and had never called for one; that at that time, and for a long time thereafter, the dog wore a metallic collar in substantial compliance with the ordinance; that for some time prior to the 14th of March, the day the dog was killed, plaintiff had kept him shut up in his house and had not allowed him to run at large, and that on the morning he was killed, plaintiff's wife, under his direction, had gone out into the back yard with the dog in order to allow him to exercise, and that while she was trying to recover control of the dog, who was still in her sight, but who had for a moment escaped from her immediate control, he was killed by the defendant; that no ordinance of the city had made it the duty of the marshal to post up notices requiring parties to muzzle their dogs, and that the posting was done without any ordinance or authority from the city, save and except by the request or direction of the mayor.    To the introduction of this ordinance in evidence on behalf of the defendant the plaintiff objected, for the reason that § 2 of the ordinance is void, it being in violation of § 16, article 2 of the constitution of the state of Kansas, and in violation of the 5th and 14th amendments to the constitution of the United States; which objections were overruled by the court, and excepted to by the plaintiff.    Defendant showed that he found the plaintiff's dog running at large without a collar, tag or muzzle on, and for that reason he killed him.    The court rendered judgment for the defendant.    The plaintiff brings the case here.

*Reid & Spooner,* for plaintiff in error.

*C. S. Bowman,* city attorney, for defendant in error; *Chas. Bucher,* of counsel.

Opinion by CLOGSTON, C.: The principal question now to be determined is, whether the ordinance under which the justification was made by the marshal is valid. All the other questions raised by plaintiff in error on said ordinance have been passed upon by this court, and adversely to the plaintiff's claim. (See *The State, ex rel., v. City of Topeka*, 36 Kas. 76.) If this ordinance is valid, then the judgment of the court must be affirmed. Section 9, chapter 19, Comp. Laws of 1885, provides "that no ordinance shall contain more than one subject, which shall be clearly expressed in its title." The title of the ordinance in question was, "An ordinance prohibiting animals from running at large in the city." Section 1 named what animals should be prohibited from running at large. These animals are prohibited from running at large at all seasons and under all conditions. Section 2 provides that no person shall keep a dog, etc., within the limits of the city of Newton, without first complying with certain regulations, among which is the payment of a tax, the registration of the dog, and the procuring of a tag and collar to be worn by the dog; and also providing that in case a dog is found running at large in the city without such collar and tag, it shall be the duty of the marshal to kill him and remove his body from the city. The language of § 9, above quoted, is an exact copy of the constitution of the state in relation to bills, with the exception that the word "ordinance" is used where the constitution uses the word "bill." This provision of the constitution is universally recognized as being mandatory upon the legislature. (*Comm'rs of Sedgwick Co. v. Bailey*, 13 Kas. 600; *Philpin v. McCarty*, 24 id. 402; *The State, ex rel., v. Bankers' Association*, 23 id. 501; *The State v. Barrett*, 27 id. 213; *M. K. & T. Rly. Co. v. Long*, 27 id. 684.) This provision of the statute is as binding upon cities as that of the constitution is upon the legislature in relation to its acts, and by its terms the statute has said that the title of an ordinance must be an index of what it contains.

The primary and sole object of §1, which is clearly indi-

cated by its title, is to prohibit certain animals from running at large, and this is all that is included in its title; while § 2 had for its object the collection of a tax on dogs, and their destruction in case the tax was not paid, and a license or permission to run at large when the tax was paid. This section makes the owner criminally liable if this tax is not paid and the dog registered, whether the dog is permitted to run at large or not, and it would have been a violation of the ordinance (if this ordinance is valid) for plaintiff to have kept his dog shut up and never permitted him to go upon the street or at large at all. The owner must pay the tax, or be criminally liable. This clearly shows that the title of this ordinance is not broad enough to include § 2, and therefore must be held void. This court has held, in *City of Emporia v. Volmer,* 12 Kas. 630, that the words restrain and regulate are not synonymous with prohibit. Applying that rule to this case, which prohibits the running at large, it would not include the less, and restrain and regulate certain animals, and permit them under certain conditions to run at large.

The notice published by the marshal, under the direction of the mayor, was not such a regulation as could be enforced. A direction of this character and a notice of this kind would not justify the marshal in the killing of plaintiff's dog. Such a regulation can only be made valid by an ordinance of the city. Power is given the mayor and council to pass reasonable regulations in relation to restraining or prohibiting dogs from running at large, and to tax them. This is held to be a proper and legitimate subject for an ordinance; but before this power can be invoked or enforced, the city council must have passed an ordinance in relation thereto. We are therefore of the opinion that the judgment of the court was wrong, and that there was error in admitting said ordinance and notice in evidence, over the objection of the plaintiff.

It is therefore recommended that the judgment of the court below be reversed.

By the Court: It is so ordered.

All the Justices concurring.