The Town of Bayard v. Baker.

6. ——: evidence: instruction.

AFFIRMED.

THE TOWN OF BAYARD v. BAKER.

1. **Cities and Towns**: PASSAGE OF ORDINANCE: YEAS AND NAYS. Where upon the passage of an ordinance by a town council the record showed that the mayor and five trustees voted in favor of the ordinance, and it did not appear that any other members of the council were present, it was not necessary, under section 493 of the Code, which requires the yeas and nays to be called and recorded, to call for the nays.

2. ——: ——: DISPENSING WITH THREE READINGS. Section 489 of the Code, requiring ordinances to be read on three different days before final passage, unless the reading is "dispensed" with by a vote of three-fourths of the council, is complied with by a three-fourths vote to "suspend" the rule, as there is no material difference between the words.

3. ——: ——: PUBLICATION: EVIDENCE. The publication of an ordinance may be proved by oral testimony, and it will be presumed, in the absence of a contrary showing, that the paper in which it is thus shown to have been published was one of general circulation in the town, as the law requires publication in such a paper.

4. ——: ——: EVIDENCE. A copy of an ordinance duly certified by the recorder of a town is *prima facie* admissible in evidence without proof that it was properly recorded and published; it being presumed, in the absence of a contrary showing, that it was duly recorded and published.

5. ——— : ——— : ———: CERTIFICATE OF RECORDER TO COPY. Where a copy of an ordinance offered in evidence was certified by the recorder of the town as "a true copy of ordinance No. 21, of the town, as passed by the town council at the meeting of March 21, 1888," *held* that the certificate was sufficient to make the copy admissible.

6. ——— : BREACH OF ORDINANCE : INFORMATION. An information for the breach of an ordinance which fails to state in express words what city or town passed the ordinance, is nevertheless sufficient, when any person of ordinary understanding, upon reading the information, would have no doubt upon that point; the rule being that the same strictness is not required in an information for violating an ordinance as in an indictment.

7. ——— : ——— : ———: DUPLICITY. The ordinance in question did not prohibit the letting or trying to let stallions to mares, except in public places within the town. Hence an information, charging that defendant in such prohibited place did "let or try to let a stallion to a mare," did not charge two offenses.

*Appeal from Guthrie District Court.*—HON. J. II. HENDERSON, Judge.

FILED, DECEMBER 19, 1888.

AN information was filed charging the defendant with the violation of an ordinance of the town. There was a trial before the mayor. The defendant was convicted, and appealed to the district court, where there was a trial before a jury, and from the judgment entered on the verdict the defendant appeals.

*Chas. S. Fogg*, for appellant.

*Applegate & Brown*, for appellee.

SEEVERS, C. J.—I. It is contended that the yeas and nays were not called and recorded upon the passage of the ordinance, as required by section 493 of the Code. The corporate authority is vested in a mayor, recorder and six trustees. Code, sec. 511. The record discloses that it was moved and seconded that the ordinance be passed.

1. CITIES and towns: passage of ordinance: yeas and nays.

Five trustees and the mayor voted in favor of the ordinance, and such fact was duly recorded. It is true it does not appear that the nays were called, but as the record fails to disclose that any other members of the council were present than those persons who voted "yea," it was unnecessary to call for the nays.

II. It is objected that the ordinance was not read on three different days, and that three-fourths of the council did not dispense with the rule, as provided in Code, section 489. The abstract discloses that it was moved and seconded that the rules be suspended, and the ordinance read the second time; and also it was afterwards moved that the rules be suspended and the ordinance be read the third time. Three-fourths of the council voted in favor of these propositions. If we understand counsel, it is claimed that there is a substantial and material difference between "dispense" and "suspend." In this view we are unable to concur.

*2. dispensing with three readings.*

III. It is said that the ordinance contains more than one subject, and is therefore void. Counsel have not seen proper to state wherein the ordinance is amenable to the objection, and therefore we deem it sufficient to say it is not well taken.

IV. It is said that the ordinance is practically prohibitory, and conflicts with or goes beyond the object and scope of the title. Clearly, in our opinion, the ordinance is not prohibitory, and therefore it is entirely consistent with the title.

V. It is urged that no competent evidence of the publication of the ordinance was introduced. The recorder testified that it was published in the Bayard News on the twenty-third day of March, 1888. This evidence was competent (*Town of Eldora v. Burlingame*, 62 Iowa, 32), but not sufficient, it is further insisted. It is provided by statute that "all ordinances shall * * * be pulished in a newspaper of general circulation in the municipal corporation." It is said that the Bayard

*3. publication: evidence.*

News is not shown to be a newspaper of general circulation in the corporation. This, in the absence of any showing to the contrary, will be presumed, for the reason that the presumption obtains that officers perform the duties with which they are charged. Besides this, the recorder certified that the ordinance introduced in evidence was "a true copy of ordinance No. 21, of the incorporated town of Bayard, as passed by the town council at the meeting of March 21, 1888." Conceding the sufficiency of the certificate, the ordinance was at least *prima facie* admissible. Such is the effect of the case cited. The ordinance was duly certified by the proper officer, and the presumption must obtain that it was properly recorded, in the absence of evidence to the contrary.

4. ——: ——: evidence.

VI. It is urged that the certificate of the recorder to the copy of the ordinance introduced in the evidence was insufficient; it did not state that it was a fair and accurate record of this so-called ordinance, made under the direction of the council, or any record whatever, or that the paper offered in evidence was a transcript of such record. We deem it sufficient to say that in our opinion the certificate above set out is clearly sufficient.

5. ——: ——: certificate of recorder to copy.

VII. The ordinance provides "that any person, who shall stand any jack, stallion, or bull, or try to let any jack, stallion, or bull, to any mare or cow, * * * unless within an inclosure so arranged as to obstruct the public view, and in such place as to prevent the noise thereof from disturbing the public or private families or persons within the town," he should be punished as prescribed in the ordinance. The ordinance introduced in evidence was designated as "No. 21," and the information was entitled, "The incorporated town of Bayard v. Frank Baker, before Thos. Stevenson, mayor of the incorporated town of Bayard, county of Guthrie, and state of Iowa," and it proceeded to state that "the defendant * * * is accused of the crime of violating ordinance

6. ——: breach of ordinance: information.

The Town of Bayard v. Baker.

No. 21, for that the said defendant, at the town of Bayard * * * did, * * * against the peace of the state of Iowa, and contrary to the provisions of ordinance No: 21, entitled 'An ordinance,' * * * passed the twenty-first day of March, A. D. 1888, in such cases made and provided, and against the peace and dignity and good order of said town of Bayard." It is objected that the information is insufficient because it does not appear that any or what town or city passed the ordinance. It is true that it does not so appear in express words, yet we think the information is clearly sufficient. Any person of ordinary understanding, reading the information, would readily reach the conclusion that the defendant was charged with violating ordinance No. 21, passed by the incorporated town of Bayard. The same strictness is not required in an information for violating an ordinance as in an indictment (1 Dill. Mun. Corp. sec. 414) ; and we incline to think the information is sufficient under Code, section 4305.

VIII. The standing, or letting, or trying to let, any jack, stallion, or bull to any mare or cow is not prohibited, unless the same be attempted at an improper place. The offense consists in doing the prohibited act at such place. Therefore the information does not charge two offenses, and is direct and certain ; the charge being that the defendant "did then and there let or try to let a stallion serve a mare," for the reason that such acts do not constitute any offense unless the same was done at a prohibited place, which it is not claimed is not properly charged in the information.

7. $\frac{---:---}{---: \text{duplic-}}$
ity.

IX. There are other objections made to the infortion, of a similar character, none of which, in our judgment, are well taken. All the points made by counsel are exceedingly technical, and without substantial merit. It is also said that the verdict is not sustained by the evidence. We think differently.

AFFIRMED.