(October 30, 1909.)

W. H. BEST, Respondent, v. J. W. BROADHEAD, Appellant.

[108 Pac. 333.]

CONSTRUCTION OF STATUTE—ORDINANCES—POWER OF VILLAGES TO MAKE —HORSES RUNNING AT LARGE.

(Syllabus by the court.)

1. Under the provisions of subdiv. 15 of sec. 15 of an act of the legislature providing for the organization, government and powers of cities and villages (see Sess. Laws 1905, p. 113), the cities and villages of the state have power and authority to pass ordinances to prevent the running at large of horses within corporate limits.

2. Held, that the court erred in not admitting all evidence offered tending to establish the defense set up in the answer.

3. Held, that the phrase "other animals" as used in said section is broad enough to and does include horses and all other animals.

APPEAL from the District Court of the First Judicial District (now the Eighth) for Kootenai County. Hon. W. W. Woods, Judge.

Action to recover damages for animals alleged to have been appropriated by the defendant. Judgment for the plaintiff. Reversed.

Ezra R. Whitla, for Appellant.

The court must either say that the legislature by adding the words "other animals" did not mean what it said and

added superfluous words, or these words must be construed in their ordinary meaning. (Sec. 15, Rev. Codes; *Henderson v. Wabash etc. Ry. Co.,* 81 Mo. 605; *Decatur Bank v. St. Louis Bank,* 21 Wall. 294, 22 L. ed. 560; *Waters v. People,* 23 Colo. 33, 58 Am. St. 215, 46 Pac. 112, 33 L. R. A. 836; *Commonwealth v. Turner,* 145 Mass. 296, 14 N. E. 130; *Reiche v. Smythe,* 13 Wall. 163, 20 L. ed. 566; *Chesapeake & O. R. Co. v. American Exch. Bank,* 92 Va. 495, 44 L. R. A. 449, 23 S. E. 935; *Richardson v. Duncan,* 2 Heisk. (49 Tenn.) 200.)

Under the general welfare clause such as shown in this statute the city had authority, without any other express statutory provision, to take up and impound animals running at large within the city, as it has been deemed that this was necessary in preserving the peace, good government and welfare of the corporation. (2 Cyc. 437; *Cockrane v. Mayor of Frostburg,* 81 Md. 54, 48 Am. St. 479, 31 Atl. 703, 27 L. R. A. 728; *Commonwealth v. Curtis,* 9 Allen (Mass.), 266; 28 Cyc. 739, 761; *Carson v. City of Genessee,* 9 Ida. 244, 108 Am. St. 127, 74 Pac. 862; *Village of Sandpoint v. Doyle,* 11 Ida. 642, 83 Pac. 598, 4 L. R. A., N. S., 810; *Mayor etc. v. Norman,* 92 Tenn. 73, 20 S. W. 417; *Commonwealth v. Bean,* 14 Gray (Mass.), 53; *Crum v. Bray,* 121 Ga. 709, 49 S. E. 686.)

R. E. McFarland, for Respondent.

The authority cited by counsel in support of his contention that the words "and other animals" included horses is not applicable to this case, because the statutes which they construed are not statutes of the character of the one involved herein, and were not enacted for that purpose. (Black, Int. of Laws, 141; Sutherland, Stat. Const., 268.)

SULLIVAN, C. J.—This action was commenced to recover from the defendant the value of two mares with their sucking colts and one bay mare about two years old, alleged to have been wrongfully taken by the defendant from the plaintiff and converted to his own use, and for damages for their detention and $100 attorney's fee for prosecuting the action. The defendant by his answer denied the allegations of the

complaint and as an affirmative defense averred that he was poundmaster of the village of Post Falls, Kootenai county, and that said village had by an ordinance duly enacted, provided for impounding and selling horses running at large, and on the 8th day of May, 1906, while said ordinance was in full force and effect, the defendant, as poundmaster and acting under said ordinance, took up and impounded said horses and colts, and alleges that the ordinance was complied with in all respects, and that thereafter the animals were sold by the village marshal of the village of Post Falls, and that at such sale, which was by public auction, the defendant purchased the two year old mare, also one mare with her sucking colt, and alleges that this was the way and none other in which he had said animals, and asked for judgment upon that state of facts. The ordinances under which the defendant claimed to be acting as poundmaster were set out and made a part of the answer.

Upon the issues thus made the cause was tried by the court with a jury, and verdict and judgment rendered and entered for the plaintiff for $375 damages and costs of suit.

A motion for a new trial was denied, and this appeal is from the judgment and the order denying a new trial.

On the trial the court excluded the ordinances of the village of Post Falls providing for impounding horses and other animals which were found running loose in the village. The court held that under the provisions of subd. 15, sec. 15, of an act to amend sec. 73 of an act entitled, "An act to provide for the organization, government and powers of cities and villages," etc., Sess. Laws 1905, p. 113, that no authority was given to a city or village to pass ordinances for the purpose of impounding stray horses, and held that said statute enumerated certain animals, and that such animals excluded all animals not therein named, regardless of the general clause of said section providing for the regulation of running at large of "other animals," after enumerating cattle, hogs, mules, sheep, goats and dogs. Thus holding, the court would not permit the defendant to introduce in evidence the ordinance of said village providing for the impounding of horses

and other animals, and thus shut out entirely the defense
pleaded by the defendant to the effect that said horses were
taken by the poundmaster when running loose in the village
of Post Falls and impounded and sold under the provisions.
of said ordinance.

While there are a number of assignments of error going to
the admission and rejection of evidence, they substantially
all rested upon the proposition that they were immaterial for
the reason that said village had no authority whatever to pass.
an ordinance to prevent the running at large of horses in said
village, and for that reason horses could not be impounded
under said ordinance. In support of this decision, counsel
for appellant cites from the act concerning cities and villages.
found in the Laws of 1899 at page 204, Laws of 1901, p. 100,.
and Laws of 1903, p. 222, the provision authorizing villages:
to pass ordinances regulating the running at large of animals.
Each and every one contains, among other animals named,
"horses," but that that provision was amended by the Laws.
of 1905 and the word "horses" was omitted and said provi-
sion made to read as follows:

"Regulate the running at large of cattle, hogs, mules, sheep,
goats, dogs and other animals and to cause such as may be
running at large to be impounded and sold to discharge the
cost and penalties provided for the violation of such prohibi-
tion, and the expense of impounding and keeping the same,
and of such sale."

And it is contended that whatever the purpose of the legis-
lature was in omitting the word "horses" from said section,
it is not open to discussion, and that it was evident the legis-
lature may have come to the conclusion that the running at
large of horses ought to be permitted, while hogs, mules, sheep,
goats and other ainmals should not be permitted to run at
large, and for that reason the court did not err in refusing
to admit said ordinance in evidence. In support of that con-
tention Black on Interpretation of Laws, p. 141, and Suther-
land on Statutory Construction, sec. 268, are cited.

The trial court evidently took the position that although
former statutes in regard to cities and villages regulating ani-

mals running at large contained among other animals enumer-
ated "horses," that because of its omission in the statute as
amended by the Laws of 1905, it was the purpose and intent
of the legislature to prohibit cities and villages from regulat-
ing the running at large of horses, and that "other animals,"
as used in said section, did not include horses.

We find on an examination of the Session Laws of 1907 that,
the legislature, in amending said act in regard to cities and
villages, inserted the word "horses" in said section 15, and
made said section read the same as it did prior to its amend-
ment in 1905.

It is clearly evident that the word "horses" was left out
of the act of 1905 by mistake or carelessness, as there could
be no reason why mules should be prevented from running at
large in a village and horses be permitted to do so, and we
conclude that the words "other animals," as used in said sec-
tion in the act of 1905 is broad enough to and does include
horses and was intended to include all other animals not spe-
cially enumerated. The rules of interpretation as stated in
Black and Sutherland are useful as a guide in determining
the probable intention of the legislature, but if it should be
apparent in any particular case that the legislature did not
in fact intend that its express mention of one thing should
operate as an exclusion of all others, then the maxim, *"Ex-
pressio unius est exclusio alterius,"* must give way. We are
clearly of the opinion that cities and villages have the power
by proper ordinance to regulate the running at large of
horses, and the court erred in holding that the village of Post
Falls had no authority under the Laws of 1905 to regulate the
running at large of horses within the limits of such village.

In our view of the case, it is not necessary for us to pass
upon all of the other assignments of error, for they all re-
volve around the action of the court in holding that the vil-
lage had no authority to enact said ordinance. The answer
of the defendant pleads a complete defense to this action, and
the court should have admitted all pertinent and relevant
evidence which tended to establish that defense, and on a re-

trial ordinances and all other evidence offered tending to establish that defense ought to be admitted.

The judgment of the court must be reversed and the cause remanded for a new trial, and it is so ordered, with costs in favor of appellant.

Stewart and Ailshie, JJ., concur.

## ON REHEARING.

(April 19, 1910.)

(Syllabus by the court.)

1. Under the provisions of sec. 2276, Rev. Codes, an ordinance must contain no subject which shall not be clearly expressed in its title.

2. The title of an ordinance, "An act relating to domestic animals and prohibiting their running at large," is sufficient to authorize the incorporation in such ordinance of provisions incident to and regulating animals running at large, such as naming the kind, the territory or place in which they shall not run at large, the impounding and sale, the fees to be collected, and the penalty. It is sufficient if the title in its general scope clearly expresses the objects and purposes of the ordinance.

3. Sec. 2274, Rev. Codes, providing, "The style of all ordinances shall be: 'Be it ordained by the mayor and council of the city of ———— or the chairman and board of trustees of the village of ————,' " is directory, and the enacting clause of a village ordinance as follows: "Be it ordained by the town of Post Falls," is sufficient, as such enacting clause indicates the intention and declaration of the village to legislate.

4. Under the provisions of sec. 2276, Rev. Codes, "no ordinance or section thereof shall be revised or amended unless the new ordinance contain the entire ordinance or section as revised or amended, and the ordinance or section so amended shall be repealed." Under this provision of the statute, an amendatory ordinance which purports to amend an ordinance by inserting therein particular language without indicating where such insertion shall be made, or containing the entire ordinance as amended, or the particular section amended, is void.

5. Where the provisions of an amendatory ordinance are illegal and void, and it is apparent that such amendment is to

be substituted for the ordinance repealed, or for a particular part thereof, the illegal and void character of the repealing ordinance will also render void the repealing clause.

Ezra R. Whitla, for Appellant.

"The object and purpose of the title is to show the general character of the ordinance, so that anyone may not be misled thereby." (*State v. Calloway*, 11 Ida. 719, 114 Am. St. 285, 84 Pac. 27, 4 L. R. A., N. S., 109; *Village of St. Anthony v. Brandon*, 10 Ida. 205, 77 Pac. 322; *Pioneer Irr. Dist. v. Bradley*, 8 Ida. 310, 101 Am. St. 201, 68 Pac. 295; 28 Cyc. 379; *State v. Nebraska Telephone Co.*, 127 Iowa, 194, 103 N. W. 120.)

If the title of the ordinance does not mislead or deceive the people or the council as to the purpose or effect of the legislation or conceal or obscure the same, it is valid. (28 Cyc. 380; *Smith v. Emporia*, 27 Kan. 528; *Healy v. Johnson*, 127 Iowa, 221, 103 N. W. 92; *City of Des Moines v. Keller*, 116 Iowa, 648, 93 Am. St. 268, 88 N. W. 827, 57 L. R. A. 243; *City of Duluth v. Abrahamson*, 96 Minn. 39, 104 N. W. 682; *Thomson v. City of Highland Park*, 187 Ill. 265, 58 N. E. 328.)

An enacting clause is simply a formality and neither adds anything to, or detracts from, the validity of the ordinance in any way. (*Cape Girardeau v. Riley*, 52 Mo. 424, 14 Am. Rep. 428; *People ex rel. Town of Sterling v. Chipman*, 31 Colo. 90, 71 Pac. 1108; *City of Tarkio v. Cook*, 120 Mo. 1, 41 Am. St. 678, 25 S. W. 202; *State ex rel. Dunlap v. Nohl*, 113 Wis. 15, 88 N. W. 1004; 1 Dillon, Mun. Corp., 4th ed., pp. 309-536, 538; 28 Cyc. 353.)

An amending ordinance need not contain the entire section amended, but only that provision thereof sought to be amended. (28 Cyc. 387; *Pentecost v. Stiles*, 5 Okl. 500, 49 Pac. 921; *Ex parte Wolf*, 14 Neb. 24, 14 N. W. 660; *Larkin v. Burlington C. R. & N. Ry. Co.*, 85 Iowa, 492, 52 N. W. 480.)

R. E. McFarland, for Respondent.

The titles to Ordinances Nos. 36 and 40 are insufficient, null and void. (Laws 1899, p. 209, sec. 83; *Mo. Pac. Ry. Co. v. City of Wyandotte,* 44 Kan. 32, 23 Pac. 950; *State ex rel. Belt v. City of St. Louis,* 161 Mo. 371, 61 S. W. 658; *Town of Cantril v. Sainer,* 59 Iowa, 26, 12 N. W. 753; *Stebbins v. Mayer,* 38 Kan. 573, 16 Pac. 745.)·

The enacting clause of said Ordinance No. 40 is null and void. (Laws 1899, p. 200, sec. 59; *Galveston H. & S. A. Ry. Co. v. Harris* (Tex. Civ. App.), 36 S. W. 776.)

Ordinance No. 40 is not a valid ordinance because it does not comply with the laws of this state in reference to amending or repealing ordinances or sections of ordinances. (Laws 1899, p. 209, sec. 83; *Pentecost v. Stiles,* 5 Okl. 500, 49 Pac. 921; *O'Neill v. Tyler,* 3 N. D. 47, 53 N. W. 436; *Cascaden v. City of Waterloo,* 106 Iowa, 673, 77 N. W. 333; *City of Jacksonville v. Ledwith,* 26 Fla. 163, 23 Am. St. 558, 7 So. 885, 9 L. R. A. 69; McQuillan, Mun. Ordinances, par. 196.)

STEWART, J.—A rehearing was granted in this case and upon reargument it was contended by counsel for respondent that Ordinances Nos. 36 and 40, regulating the running at large of certain stock and providing for the impounding thereof in the town of Post Falls, were illegal and void. Certified copies of these ordinances were offered in evidence, and a number of specific objections to their introduction were made by counsel for respondent, and the trial court sustained the objection that the statute did not authorize such ordinances; and it was this question this court discussed and decided in the former opinion.

Counsel for respondent upon reargument urges very earnestly that this court should also determine the validity of the ordinances, for the reason that the cause having been reversed, the validity of such ordinances will necessarily arise upon a retrial of said case. Counsel for appellant, however, contends that the validity of such ordinances, because of their form, is not presented by the record. Strictly speaking, this

contention is no doubt correct, but in view of the fact that a new trial has been ordered, and the validity of such ordinances will necessarily be involved, and counsel upon the reargument having fully and exhaustively discussed the validity of such ordinances, we have concluded to express our views with reference to the same.

It is first contended that the title to Ordinance No. 36 is insufficient, because it does not express or contain the subject matter of said ordinance, and does not specify the penalty or punishment for a violation thereof, and does not refer to the provisions contained therein for the impounding and sale of the animals described, and does not describe the territory within which such animals are prohibited from running at large. The title reads as follows: "An act relating to domestic animals and prohibiting their running at large." Sec. 2276, Rev. Codes, provides: "Ordinances shall contain no subject which shall not be clearly expressed in their title." It is unnecessary in the title of an ordinance to index every particular provision contained therein. It is sufficient if the title in its general scope clearly expresses the object and purpose of such ordinance. When, therefore, the title provides that it is "An act relating to domestic animals and prohibiting their running at large," it is sufficient to authorize the incorporation therein of all provisions incident to the regulation and prohibition of animals running at large, such as naming the kind, the territory or place, the impounding and sale, the fees to be collected, and the penalty. We think this title sufficient. (*Village of St. Anthony v. Brandon,* 10 Ida. 205, 77 Pac. 322; *State v. Calloway,* 11 Ida. 719, 114 Am. St. 285, 84 Pac. 27, 4 L. R. A., N. S., 109; *Town of Bayard v. Baker,* 76 Iowa, 220, 40 N. W. 818; McQuillan on Munic. Ordinances, sec. 141; *Smith v. City of Emporia,* 27 Kan. 528.)

Secs. 1 and 10 of the ordinance clearly described the territory. It is true it does not say that the territory is within the town of Post Falls, yet the ordinance has reference only to the town of Post Falls and could not extend beyond its boundaries; and can only apply to the territory described and within the town. The territory is described as follows:

"Limit of territory included in this ordinance commencing at a point where Sixty street intersects with the Spokane river, thence running in an easterly direction to Idaho street, thence running south to Spokane river, thence along the main or north channel to the place of beginning." This is sufficient.

It is next contended that the enacting clause of the ordinance is not in the form provided by sec. 2274, Rev. Codes. This section provides: "The style of all ordinances shall be: 'Be it ordained by the mayor and council of the city of ——— or the chairman and board of trustees of the village of ———.'" The enacting clause of Ordinance No. 36 reads as follows: "Be it ordained by the town of Post Falls."

It will thus be seen that the enacting clause of Ordinance No. 36 is not in the language of the statute. The enacting clause of an ordinance, however, is merely a declaration of intention and purpose, and the enacting clause of Ordinance No. 36 clearly shows the intention and purpose of the town of Post Falls to enact such ordinance and that it was the town of Post Falls which enacted the same, and such appearing from the enacting clause is a sufficient compliance with the statute. The statute is directory only. (McQuillan on Munic. Ordinances, sec. 145; *City of Napa v. Easterby,* 76 Cal. 222, 18 Pac. 253; *State v. Fountain,* 14 Wash. 236, 44 Pac. 270; *People v. Murray,* 57 Mich. 396, 24 N. W. 118; *People v. Chipman,* 31 Colo. 90, 71 Pac. 1108; 1 Dillon, Munic. Corp., 4th ed., sec. 309.) We think, therefore, that Ordinance No. 36 was a valid ordinance, and was in force at the time of the trial unless repealed by Ordinance No. 40.

It is contended that Ordinance No. 40 is invalid for the reason that the title does not express the object or purpose of the ordinance, because it does not state or provide that it is an ordinance amending Ordinance No. 36. The title reads as follows: "An ordinance establishing the boundary limits and making known the limit of territory included in Ordinance No. 36." It thus appears that the object and purpose of this ordinance, as declared by the title, is to make some alteration or change in Ordinance No. 36, but the particular change as applied to any particular part of the ordinance is not dis-

closed in the title. The title of an amendatory ordinance would be sufficient if it indicated the particular section or part of the ordinance to be amended without declaring in such title the general scope or purpose of the ordinance amended; and while it would have been better, no doubt, to have indicated the particular section of Ordinance No. 36 to be amended and to have stated such fact in the title, yet we are inclined to think that the title is sufficient to indicate the purpose and intent to amend Ordinance No. 36.

It· is next contended that Ordinance No. 40 is invalid for the reason that it does not indicate that the territory described is within the village of Post Falls. This objection is not well taken. The village of Post Falls is legislating with reference to its own territory, and its ordinances include only territory within the village corporation, and it would appear useless to say that the ordinance is made applicable to the village of Post Falls.

It is next urged that the enacting clause of Ordinance No. 40 is void because not in proper form. What has been said with reference to the enacting clause of Ordinance No. 36 applies alike to the enacting clause of this ordinance. It is also urged that Ordinance No. 40 is void for the reason that it does not comply with sec. 2276, Rev. Codes. This section provides: ''No ordinance or section thereof shall be revised or amended unless the new ordinance contain the entire ordinance or section as revised or amended, and the ordinance or section so amended shall be repealed.'' Ordinance No. 40 in part is as follows: ''An ordinance establishing the boundary limits and making known the limit of territory included in Ordinance No. 36.

''Be it ordained by the chairman of the board of trustees of the village of Post Falls.

''Commencing at a point where the artificial channel empties into Spokane river, thence in a northeasterly direction to a point where Sixty street intersects with the N. P. R. R. Co.'s right of way, thence in an easterly direction to Idaho street, thence in a southerly direction to Spokane river, thence along Spokane river to the place of beginning.

"And that Ordinance No. 36 is hereby amended so as to read accordingly, and that all ordinances and sections of ordinances conflicting with this ordinance is hereby repealed."

. Then follows the provision with reference to the time the ordinance shall take effect and the history of its passage. It will thus be seen that this ordinance does not purport to amend any particular section of Ordinance No. 36 but pretends to amend the entire ordinance. The ordinance does not contain the entire ordinance or section as revised or amended as required by the statute. In order to read ordinance No. 40 as an amendatory ordinance of No. 36, we are called upon to exercise our judgment as to the particular section of No. 36 intended to be amended and to insert the amendment in lieu thereof. After the enacting clause follows the description, but where that description is to be placed in Ordinance No. 36, or what part of No. 36 it is to repeal or displace, is a matter left entirely to conjecture. This is not a compliance with the provisions of sec. 2276, *supra*. To make a valid amendment, the amendatory ordinance should comply with the provisions of the statute, that is, the new or amendatory ordinance should contain the entire ordinance or section as revised or amended, and not leave the question open to guess or conjecture as to the particular place where the amendment is to be inserted or what particular portion of the old ordinance is to be displaced by the new or amendatory ordinance. (McQuillan, Munic. Ordinances, sec. 195; *Pentecost v. Stiles,* 5 Okl. 500, 49 Pac. 921.) For these reasons we are of the opinion that Ordinance No. 40 is void.

From what has been said it follows that no part of Ordinance No. 36 has been repealed or superseded by the provisions of Ordinance No. 40 which is held to be void. The common council of Post Falls did not repeal any provision in Ordinance No. 36 by adopting Ordinance No. 40, if the provisions of the latter are illegal and void, notwithstanding the fact that the latter ordinance contains a clause to the effect, "that all ordinances in conflict herewith are hereby repealed," as it clearly appears that Ordinance No. 40 was to be a substitute for a part of Ordinance No. 36. The illegal

and void character of Ordinance No. 40, in so far as amending Ordinance No. 36, renders illegal and void also the repealing clause found in Ordinance No. 40. (*City of Portland v. Schmidt*, 13 Or. 17, 6 Pac. 221; 26 Am. & Eng. Ency. of Law, 2d ed., 716, 717.)

The judgment will be *reversed* and a new trial ordered. Costs awarded to *appellant*.

Sullivan, C. J., concurs.

AILSHIE, J., Concurring.—In concurring I desire to add that I think the title to Ordinance No. 40 is insufficient for the same reasons that render the ordinance itself void.

---

(April 4, 1910.)

(Syllabus by the court.)

