## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NATIONWIDE PROPERTY & | ) | |
| CASUALTY INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.: N18C-11-052 FJJ |
| v. | ) | |
| | ) | |
| HOLLY GJOKA FINN, FRANCIS | ) | |
| FINN, III, JEREMIAH SMITH | ) | |
| AND ANNA SMITH, AS PARENTS | ) | |
| AND NATURAL GUARDIANS OF | ) | |
| MAXIMILIAN SMITH, a Minor. | ) | |
| | | |
| Defendants. | | |

Submitted: March 13, 2020
Decided: August 06, 2020

## OPINION

*On Plaintiff Nationwide Property & Casualty Insurance Company's*
*Motion for Summary Judgment – **GRANTED***

*On Defendants Jeremiah Smith and Anna Smith's Motion for*
*Summary Judgment - **DENIED***

Louis J. Rizzo, Esquire, Attorney for Plaintiff.

Joseph John Rhoades, Esquire and Stephen T. Morrow, Esquire, Attorney for Defendants
Jeremiah Smith and Anna Smith as parents and natural guardians of Maximilian Smith,
a minor.

Holly Gjoka Finn and Francis Finn, III, *pro-se.*

**Jones, J.**

1

## Introduction

The issue before the Court is whether Holly Gjoka Finn and Francis Finn, III, ("Finn") are entitled to defense and indemnity under a homeowner's policy issued by Nationwide Property & Casualty Insurance Company ("Nationwide") for injuries caused to the child of Jeremiah and Anna Smith ("Smiths"), Maximilian Smith ("Max"), when Finns' dog, Gypsi, bit Max. Nationwide and the Smiths have filed cross Motions for Summary Judgment.

Nationwide's Motion for Summary Judgment seeks a declaration that the Finns are not entitled to coverage for injuries caused to Max by Gypsi. The Smiths seek a declaration that coverage under the Nationwide policy is available for Max's injuries.

The Nationwide policy contains a clear and unambiguous exclusion that excludes coverage for this dog bite. Therefore, for the reasons stated below, Nationwide's Motion for Summary Judgment is GRANTED and the Smiths' corresponding Motion for Summary Judgment is DENIED.

## Factual Background

On May 19, 2019, the Finns' adopted a dog named Gypsi from the Brandywine Valley SPCA.[1] On that same day, Mrs. Finn took Gypsi to visit their next door neighbor so that Gypsi could get acquainted with the neighboring dog, Ernie.[2] While the dogs were playing, Gypsi approached Ernie and attempted to mount Ernie from behind.[3] This

---

[1] Defs.' Mot. for Summ. J., Ex. B at p. 8 (Deposition Transcript of Holly S. Finn).
[2] *Id.* at pp. 20-21.
[3] *Id.* at p. 21.

caused Ernie to turn, snap at, and bite Gypsi's behind.[4] Gypsi responded by biting Ernie.[5] This event was reported and investigated by the State of Delaware Animal Welfare Department.[6]

On June 5, 2019, Max (then 3 years old) was a guest on the Finn's property.[7] While on the property, Max was bitten by Gypsi and sustained injuries to his face.[8] It is this June 5th incident that gives rise to the instant lawsuit.

At the time of the June 5, 2019 incident, the Finns were covered under a homeowner's insurance policy issued by Nationwide. The Policy provides the following coverage:

> "(1) Coverage E – Personal Liability for Each Occurrence: Property Damage and Bodily Injury" in the amount of $500,000 and (2) Coverage F – Medical Payments to Others Each Person in the amount of $5,000.

Importantly, however, the following exclusion appears in the policy:

> Coverage E – Personal Liability and Coverage F – **Medical payments to others do not apply to bodily injury** or property damage:
> [...]
>> (o) **caused by** any of the following animals owned by or in the care, custody, or control of an insured:
> [...]
>> (5) **Any dog with a prior history of:**
>>> a) Causing bodily injury to a person; or
>>> b) **Attacking or biting another animal;**
>>> **Established through** insurance claims records, or **through the records of local**

---

[4] *Id.*
[5] *Id.*
[6] Defs.' Mot. for Summ. J., Ex. C (Animal Welfare Report).
[7] Defs.' Mot. for Summ J. at p. 3.
[8] *Id.*

**public safety**, law enforcement **or other similar regulatory agency**.[9]

The Finns demanded defense and indemnity under Nationwide policy. Nationwide denied coverage under the "one bite" exclusion set forth above.[10]

## Standard of Review

In considering a Motion for Summary Judgment, the Court is required to examine the record, all pleadings, affidavits and discovery.[11] The Court must view this evidence in the light most favorable to the non-moving party.[12] Summary judgment may be granted only when the Court's view of the record reveals that there are no genuine issues of material facts and the moving party is entitled to judgment as a matter of law.[13] Under Superior Court Rule 56(h), "where the parties have filed cross motions for summary judgment and have not presented argument to the Court that there is an issue of fact material to the disposition of either motion, the Court shall deem the motions to be the equivalent of a stipulation for decision on the merits based on the record submitted with the motions."[14]

## The Parties Contentions

Nationwide argues that its policy is clear and unambiguous and its exclusion applies to the instant case.[15]

---

[9] Compl., Ex. A (Policy, Section II – Liability Exclusions, pp. H1-H3 at 1(o)(5)(b)) (emphasis added).

[10] Defs.' Mot. for Summ. J., Ex. D (Coverage rejection letter from Nationwide).

[11] *Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver, Inc.*, 312 A.2d 322, 325 (Del. Super. 1975).

[12] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

[13] *Gilbert v. El Paso Co.*, 575 A.2d 1131, 1142 (Del. 1990).

[14] The parties have written to the Court implying that Superior Court Rule 56(h) applies to the present cross-motions. The Court will proceed on that basis, as the Court has concluded that there are no material issues of fact.

[15] Pl.'s Mot. for Summ. J. at p. 2.

4

The Smiths, focusing on the word "history" in the exclusion, argue that the policy is ambiguous.[16] The Smiths' position is that "history" requires more than one prior bite and since there was only one prior bite (and a defensive one at that), the exclusion does not apply.[17] Next, the Smiths assert that, at a minimum, the clause is ambiguous and to be construed against the drafter and in favor of the insureds.[18] Finally, the Smiths maintain that if the policy is not ambiguous, it is void as against public policy.[19]

## Analysis

To resolve this controversy, the Court must examine the language of the exclusion in the policy. In Delaware, it is the province of the Courts to interpret insurance contracts as questions of law.[20] Clear and unambiguous language in an insurance policy should be given its ordinary and usual meaning.[21] An ambiguity exists when the contract language permits two or more reasonable interpretations.[22] Unless there is ambiguity, a Court will not destroy or twist policy language under the guise of construing it.[23] A contract is not rendered ambiguous simply because parties do not agree upon its proper construction; rather, a contract is ambiguous only when the provisions in controversy are reasonably or fairly susceptible of different interpretations and may have two or more differing meanings.[24] Where an ambiguity does exist, the general rule is that the policy will be

---

[16] Defs.' Mot. for Summ. J. at pp. 5-8.
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Hudson v. State Farm Mut. Auto. Ins. Co.*, 569 A.2d 1168, 1170 (Del. 1990); *O'Brien v. Progressive N. Ins. Co.*, 785 A.2d 281, 286 (Del. 2001).
[21] *Johnson v. Talley Ho., Inc.*, 303 A3d 677, 679 (Del. Super. 1973).
[22] *Cheseroni v. Nationwide Mut. Ins. Co.*, 402 A.2d 1215, 1217 (Del. Super. 1979), aff'd 410 A.2d 1015 (Del. 1980).
[23] *State Farm Fire and Casualty Co., v. Hackendorn*, 605 A.2d 3, 7 (Del. Super. 1991).
[24] *Rhone-Poulenc v. American Motorists Ins.*, 616 A.2d 1192, 1996 (Del. 1992).

5

construed against the insurance company which issued it, as the insurer drafts the policy and controls coverage.[25]

Applying the preceding rules of statutory construction, it is the Court's conclusion that the "one bite" exclusion is clear and unambiguous. The language of the policy exclusion precludes liability coverage, without reservations for "bodily injury" caused by any dog with a prior history of "... attacking or biting another animal."[26] While an argument can be made that Gypsi did not attack Ernie, there is no doubt that Gypsi bit Ernie. While Gypsi's bite may have been defensive, the policy exclusion only requires that Gypsi bit Ernie, regardless of the reason.

Next, the Smiths' focus on the word "history" in the policy exclusion, arguing that it implies that more than one prior event is required to trigger the exclusion and, at best, the language is ambiguous and as such should be construed against Nationwide. The relevant words in the policy are "a prior history." At least one Delaware Court in construing New York law has concluded that "a" refers to "one or several of a kind".[27] Because there is nothing special or unique about the word "a", it must be given its ordinary and common meaning.[28] The ordinary meaning of the indefinite article "a" is not "one and only," but rather "any number of" or "at least one" – not "one and no more," but rather "one or more."[29] Therefore, it follows that, in the context of the animal bite

---

[25] *Steigler v. Insurance Co. or North America*, 384 A.2d 398, 400 (Del. 1978).

[26] Compl., Ex. A (Policy, Section II – Liability Exclusions, pp. H1-H3 at 1(o)(5)(b)).

[27] *See ION Geophysical Corp., v. Fletcher Int'l, Ltd.*, 2010 Del. Ch. LEXIS 224, *26 (Del. Ch. Nov. 5, 2014); *see also Wilmington Sav. Fund Soc'y FSB v. Foresight Energy, LLC*, 2015 Del. Ch. LEXIS 299, *22 (Del. Ch. Dec. 4, 2015).

[28] *See Ins. Comm'r v. Sun Life Assur. Co. of Can.*, 21 A.3d 15, 21 (Del. 2011).

[29] *ION Geophysical Corp., v. Fletcher Int'l, Ltd.*, 2010 Del. Ch. LEXIS 224 at *29.

exclusion at issue, "**a** prior history" refers to one incident. Since Gypsi bit a neighbor's dog before the event involving Max, Gypsi has a prior history biting another animal, thus triggering the exclusion.

The Finns argue that the policy language is void as against public policy in that a consumer who purchased insurance would not contemplate that the Nationwide policy language would apply to a prior event with a dog that was defending itself. First, the reasonable exception doctrine applies only when the contract is ambiguous. This one is not.[30] Second, the purchase of homeowners insurance and what must be contained in a homeowner's insurance policy is not mandated by state law. As such, the parties to the insurance contract are free to choose terms regarding coverage that is not governed by statute, and the doctrine of reasonable expectations does not apply.[31] The instant policy has a clear exclusion on the second dog bite.

In *Baumann-Mader v. Integrity Mutual Insurance Company*,[32] the Wisconsin Court of Appeals analyzed an exclusion similar to the one at issue in this case. The Wisconsin Court upheld that exclusion and rejected the argument that the exclusion was contrary to public policy. Citing the Wisconsin dog bite statute, the Court found that there is no public policy rationale for requiring insurers to pay damages for a dog which has already shown a history of causing injury.

---

[30] *Hallowell v. State Farm*, 443 A.2d 925, 927 (Del. 1982).
[31] *See Stoms v. Federated Serv. Ins. Co.*, 125 A.3d 1102, 1106-1107 (Del. 2015). *See, e.g., Baumann-Mader v. Integrity Mut. Ins. Co.*, 2019 Wisc. App. LEXIS 496, *5 (Wisc. App. May 16, 2018) (applying second dog-bite exclusion and finding no liability coverage); *Nationwide Mut. Fire Ins. Co. v. Creech*, 431 F. Supp. 2d 710, 717-718 (E.D. Ky 2006) (applying exclusion for injuries caused by a non-licensed dog and finding no liability coverage); *Am. Strategic Ins. Corp. v. Clark*, 2013 Ariz. App. Unpub. LEXIS 1398, *10-11 (applying exclusion for injuries caused by prohibited breeds of dogs and finding no liability coverage).
[32] *Baumann-Mader v. Integrity Mutual Insurance Company*, 382 Wis.2d 832 (2018)

Like Wisconsin, Delaware has a dog bite statute.[33] However, Delaware's dog bite statute appears to be even stricter than the Wisconsin statute. Delaware statutorily imposes strict liability on the owners of a dog that causes injury through a dog bite, absent some limited exceptions not applicable to this case. Despite imposing strict liability on dog owners, Delaware's dog bite statute imposes no obligation on the part of a homeowner's insurer to require coverage for dog bites. In fact, the Delaware dog bite statute eliminates the common law notion that a dog is permitted one "free" bite before its owner has notice of the dog's violent propensities so as to justify a finding of liability against the owner for future bites. The Finns' insurance policy actually provides coverage for the first bite.[34] However, it does not provide coverage for a second one. The insurance policy at issue does not contravene public policy.

## Conclusion

The Nationwide exclusion is clear, unambiguous and applicable to the facts of this case, nor does the exclusion violate public policy. As such, this Court declares that Nationwide has no obligation to defend and indemnify the Finns under the Finns' Homeowner's policy with Nationwide.

As such, Nationwide's Motion for Summary Judgment is hereby GRANTED and Smith's Motion for Summary Judgment is DENIED.

**IT IS SO ORDERED.**

_____
Francis J. Jones, Jr., Judge

---

[33] 16 *Del. C.* § 3053F.
[34] Compl., Ex. A (Policy, Section II – Liability Exclusions, pp. H1-H3 at 1(o)(5)(b)).

8

Dated: August 06, 2020
Wilmington, Delaware

cc:     File&ServeXpress